IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTINE HENDERSON, | Civ. No. 6:24-cv-01756-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| IVY ELLIS, *et al.*, | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Christine Henderson, seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED but the Complaint, ECF No. 2, is dismissed without service on Defendant and without leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency and the petition will be GRANTED.

In the Complaint, Plaintiff appears to assert claims related to medical care and advice provided for an individual named Patrick. Patrick's relationship to Plaintiff is not clear from the Complaint, but the Court infers that Patrick is a child or close relative of Plaintiff. Plaintiff brings claims for (1) medical malpractice; (2) conspiracy to commit murder; (3) "libel defamation"; (4) tampering with medical records; and (5), "violation of HIPPA Privacy Act." Defendant is Ivy Ellis, a nurse at Riverbend Hospital.[1]

### I.   Standing

As noted, the allegations of the Complaint concern Patrick, who is not clearly identified in the Complaint. From context the Court infers that Patrick is Plaintiff's close relative or perhaps Plaintiff's child. The creates a problem of standing because Plaintiff, as a non-attorney, is not permitted to represented other people.

---

[1] It is unclear from the case caption whether Riverbend Hospital is also named as a defendant. However, the body of the Complaint and the civil cover sheet clarify that the only Defendant in this action is Ivy Ellis.

The Ninth Circuit has held that, although a non-attorney litigant may represent himself or herself *pro se* in a civil matter in court, "that privilege is personal to him" and does not entitle the non-attorney to represent others in legal matters. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

This rule has broad application and includes most lawsuits in which parents attempt to assert claims on behalf of their minor children. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). As a result, Plaintiff may not assert claims on Patrick's behalf, even if Patrick is Plaintiff's child. In holding that a parent or guardian may not bring an action on behalf of a minor child without retaining counsel, the Ninth Circuit observed that the "choice to appear pro se is not a true choice for minors who under state law cannot determine their own legal actions." *Id.* at 876 (quotation marks and internal citations omitted). The Ninth Circuit held that it was not in the interest of a minor to be represented by a non-attorney and that "[w]hen [minors] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id.* In such circumstances, the Ninth Circuit held that the proper course of action is to dismiss without prejudice so that the child (through their parent or guardian) may seek the assistance of qualified counsel to vindicate their rights. *Id.* at 877.

As a result, all claims asserted by Plaintiff on behalf of Patrick are dismissed without prejudice, but without leave to amend, so that they may be refiled if and when Plaintiff secures the assistance of counsel.

II.   **Federal Jurisdiction**

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Under "federal question: jurisdiction, a district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under "diversity" jurisdiction, a district court has jurisdictions over cases (1) where the matter in controversy exceeds the value of $75,000 and (2) there is complete diversity of the parties, meaning that the plaintiffs and the defendants are not citizens of the same state. 28 U.S.C. § 1332(a).

Here, Plaintiff has identified "federal question" as the basis for jurisdiction, but the only federal law identified in the Complaint is Plaintiff's claim for "violation of HIPPA Privacy Act." The Court understands this to be a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.). This appears to be based on an allegation that Defendant Ivy Ellis included a note in Patrick's medical chart derived from information Ellis learned from an interview Plaintiff gave to a medical social worker. The Court does not reach the question of whether the conduct described would constitute a violation of HIPAA because (1) Plaintiff cannot assert claims on behalf of Patrick, and (2) "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). If a statute does not provide a private right of action, an individual cannot file a federal lawsuit under that statute. Plaintiff's HIPAA claim must, therefore, be dismissed.

Because no amendment can cure the defect, dismissal of this claim shall be without leave to amend.

Plaintiff's remaining civil claims arise under Oregon state law and cannot, therefore, invoke federal question jurisdiction. Plaintiff cannot rely on diversity jurisdiction because both Plaintiff and Defendant are residents of Oregon. As a result, this Court lacks subject matter jurisdiction to consider any of the civil claims asserted by Plaintiff. If Plaintiff wishes to pursue these claims, she should consider whether the Oregon circuit courts are a more appropriate forum for her case.

### III. Criminal Charges

Plaintiff's final claim, conspiracy to commit murder, asserts that Defendant conspired to commit "2 COUNTS OF MEDICAL HOMICIDE." Plaintiff does not identify a particular statute, but Oregon's criminal statute, for the most part, do not include a private right of action, meaning that Plaintiff cannot sue for violation of those statutes. *See, e.g., Stiles v. Khan*, Case No. 3:23-cv-00577-YY, 2023 4494350, at *1 (D. Or. May 16, 2023) ("Plaintiff has no private right of action for kidnapping, attempted murder, stalking, extortion, or the other crimes he cites.").

By the same token, to the extent that Plaintiff is attempting to use this action to initiate a criminal prosecution of Defendant, she lacks standing. Private parties generally do not have standing to compel the prosecution of another person. *See Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (holding that a private citizen "lacks standing to compel an investigation or prosecution of another person."). Criminal statutes are public in nature and are

enforced by the prosecuting attorneys of the relevant jurisdiction—usually district attorneys, state attorneys general, and United States Attorneys.

Plaintiff's claim for conspiracy to commit murder is dismissed. Because no amendment could cure the deficiency, dismissal is without leave to amend.

## IV. Dismissal

For the reasons set forth above, each claim of the Complaint is dismissed. There is no private right of action under HIPAA or the Oregon murder statutes; Plaintiff may not assert claims on behalf of Patrick; and, in the absence of complete diversity or a federal question, this Court lacks subject matter jurisdiction to consider Plaintiff's claims against Defendant. None of these deficiencies can be cured by amendment and so dismissal shall be without prejudice, but without further leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED and the Complaint, ECF No. 2, is DISMISSED without service on Defendant. Dismissal is without prejudice, but without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___21st___ day of October 2024.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge